DÍAZ, DEMANDANTE Y APELANTE, v. JOGLAR, DEMANDADO Y
APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Primer Distrito, en pleito sobre negatoria de servidum-
bre.

No. 2627.—Resuelto en diciembre 21, 1923.

NEGATORIA DE SERVIDUMBRE—TÍTULO DEL DEMANDANTE—DESCRIPCIÓN DE LA PRO-
PIEDAD.—No puede concluirse que el demandante en una acción negatoria de
servidumbre dejó de probar su título sobre el solar donde radica su casa así
como sobre la faja de terreno que la separa de la del demandado, cuando
la prueba demostró que la casa y solar del demandante aparecen inscritos a
su favor en el registro, así como demostró también la posesión y el uso por
parte del demandante y sus causantes, de la expresada· faja de terreno. El
mero hecho de que en los documentos que forman el título del demandante
no se determinen las dimensiones del solar no anula dicho título.

Los hechos están expresados en la opinión.

Abogados del apelante: Sr. Juan de Guzmán Benítez y
R. Ortiz Pacheco.

Abogado del apelado: Sr. J. G. Torres.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El demandante estableció su acción para obligar al de-
mandado a cerrar y tapiar varias ventanas con vistas a su
patio, y cerrar asimismo ciertos desagües que derramaban
en el susodicho patio del demandante.

El caso como fué presentado y resuelto en la corte in-
ferior y sometido en apelación, gira sobre la cuestión del
título de propiedad del demandante, del solar en que ra-
dica la casa del demandante, incluyendo una faja de terreno
de unos dos metros de ancho comprendida entre la casa pro-
piedad del demandante y la que pertenece al demandado.

Después de celebrado un juicio sobre los méritos del
caso, la corte inferior dictó sentencia declarando sin lugar
la demanda por virtud de los hechos que se pasan a refe-
rir:

"Celebrado el juicio, practicada la prueba propuesta, y la ins-
pección ocular solicitada, resulta a juicio de la corte, que el deman-

dante no ha justificado pertenecerle el solar en que tiene enclavada la casa, careciendo por tanto de acción para la demanda.

"Para justificar la propiedad, el demandante ha presentado entre otras pruebas, copia de la escritura de disolución de Sociedad Mercantil 'Díaz y Sobrino' de 27 de mayo de 1909, y en su hecho quinto se describe la casa con sus medidas, y se alega está construída sobre un solar, cuyas colindancias se dan, y no sus medidas.

"Se presenta también una certificación del registrador de la propiedad de la que consta la inscripción de la casa con sus medidas, y del solar con sus colindancias. Esas descripciones no establecen con la debida claridad, la medida del solar, y por otra parte resulta que el Tesorero de Puerto Rico, certifica:

"Que según planilla para los efectos de la contribución sobre la propiedad No. 295 del año económico 1912/13 debidamente jurada por Don Ramón Díaz, el día 15 de enero de 1922, ante el Tasador de este departamento Don A. W. Fernández, dicho señor Díaz declaró poseer en el pueblo de Río Piedras, y en solar perteneciente al Municipio de Río Piedras, una casa de mampostería techada de ladrillo, en la calle del Comercio No. 58, siendo dicha casa de un piso en el cuerpo principal y teniendo un martillo de dos pisos.

" 'Que al ordenarse por este Departamento la tasación de los solares pertenecientes a los municipios de acuerdo con la Ley No. 40 de 7 de marzo 1912, el señor Ramón Díaz González, presentó para el año económico 1913/14, una planilla número 388—debidamente jurada el día 18 de enero de 1913, ante el Tasador Luis R. Cerra, donde aparece declarando una casa de su propiedad, calle del Comercio No. 62, con la misma descripción que en párrafo anterior y enclavada en un solar de 517.67 m/c perteneciente al Municipio de Río Piedras.

" 'Que al verificarse la retasación general de la propiedad, de acuerdo con la Resolución Conjunta No. 1, de 13 de abril 1916, el referido señor Ramón Díaz González, presentó para el año económico 1917/18 una planilla No. 572, debidamente jurada el día 27 de julio de 1916, ante el tasador de este departamento Sr. Juan Silva Negrón, donde aparece declarando una casa de su propiedad, calle del Comercio No. 65 (hoy día calle Muñoz Rivera) frente a la calle Oriente, con la misma descripción que en las planillas anteriores y enclavada en un solar perteneciente al Municipio de Río Piedras.

" 'Y que actualmente, en el reparto de contribuciones de Río Piedras, del año económico 1919/20, sigue figurando la mencionada

casa a nombre del mismo contribuyente bajo recibo de contribución No. 587, y enclavada en solar del municipio de Río Piedras.

" 'Y para que conste, y a petición de don José G. Torres, expido la presente, con el sello oficial de este departamento, en San Juan, Puerto Rico, a veinte y dos de octubre de mil novecientos diez y nueve.

" 'Cancelados en sellos de Rentas Internas, $1.00. (fdo.) José E. Benedicto, Tesorero de Puerto Rico.'

"En estas condiciones, hemos de convenir que en vista del conjunto y resultado de las pruebas, el demandante no ha justificado que le corresponda el solar."

La escritura de disolución de sociedad mercantil a que ha hecho referencia el juez sentenciador acreditaba el traspaso hecho al demandante, de la casa y solar descritos en la misma, la cual fué debidamente inscrita en el Registro de la Propiedad.

El título tanto de la casa como del solar constaba inscrito en el registro de la propiedad desde el año 1885 y por más de veinte años, a virtud de un expediente posesorio y subsiguientes traspasos, antes de su conversión en un título de dominio por subsiguiente resolución judicial. La prueba acredita la posesión y el uso continuos por parte del demandante y sus causantes de la faja comprendida entre las dos casas como medio de entrada y salida por una escalera que conduce al piso alto de la casa del demandante. Del título inscrito aparece que la casa del demandado es la colindancia norte de la propiedad del demandante. El mero hecho de que en los documentos que forman el título del demandante no se determinen las dimensiones del solar no anula dicho título.

Las manifestaciones hechas al ser declarada la propiedad para el pago de contribuciones quedaron explicadas por el demandante. Si esa aclaración no se tuvo por cierta por la corte inferior, aun así estas admisiones no son suficientes para anular un título inscrito acompañado de la posesión en concepto de dueño por más de treinta años. El

demandante no estaba sometido a juicio por un delito de perjurio o por defraudar al Gobierno Insular en sus rentas. Su propiedad puede volverse a tasar, o puede procesársele quizás por cualquier delito que haya podido cometer, pero en este caso no está envuelta ninguna confiscación de su propiedad o derecho de acción.

Sin duda que las admisiones fueron pertinentes por afectar a la credibilidad del demandante como testigo, o por acreditar cierta inconsistencia en su conducta, pero no constituyen un impedimento en lo que respecta al demandante y demandado en este caso. Wigmore, Edición Segunda, página 516, sección 1037.

No podemos convenir por tanto, con el criterio sustentado por la corte inferior de que el demandante dejó de probar su título sobre el solar asi como de la faja de terreno comprendida entre las dos casas, debiendo por consiguiente revocarse la sentencia apelada, y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.